SUSAN R. FREEMAN, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF EUGENE S. FREEMAN, DE-
CEASED, PLAINTIFF, v. WEST JERSEY AND SEASHORE
RAILROAD COMPANY, INCORPORATED, DEFENDANT.

MARTHA DUVALL, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF KIMBROUGH DUVALL, DE-
CEASED, PLAINTIFF, v. WEST JERSEY AND SEASHORE
RAILROAD COMPANY, INCORPORATED, DEFENDANT.

Decided February 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the rules, *Bourgeois & Coulomb.*

*Contra, Walter S. Keown,* for Susan R. Freeman, and *Wil-
liam C. French,* for Martha Duvall.

PER CURIAM.

These cases were tried together at the Camden Circuit.
The actions brought by the plaintiffs in their administrative
capacity arose out of the same accident.

The only ground upon which the defendant railroad com-
pany seeks to have the verdicts set aside is, that the verdicts
are contrary to the weight of the evidence.

The facts briefly stated are these: On November 21st, 1927,
the plaintiffs' decedents were killed at an unguarded railroad
crossing while riding together in an automobile which was
being propelled by Freeman.

There is testimony to the effect that at the time the automobile was struck by the defendant's train, the train was traveling at a speed of seventy miles an hour. There was also some testimony to the effect that there were obstructions running along the railroad and a steep grade running up to the track, and that it was raining, drizzly and misty, and that the view in the direction from which the train came was interfered with; that no whistle was blown or bell rung.

The decedent, Eugene S. Freeman, was survived by Susan R. Freeman, his mother, whose age is forty-eight years.

The decedent Kimbrough Duvall is survived by his wife Martha and by a daughter, Dorothy.

The jury returned a verdict for Susan R. Freeman in the sum of $4,000, and a verdict for $15,000 in favor of Martha Duvall.

The only ground for a new trial argued in brief of counsel of defendant, is, that the verdicts are clearly against the weight of the evidence.

This contention is based upon the assertion that the decedents were both chargeable with contributory negligence. Freeman was driving the car, and Duvall was seated on the same seat next to him. Of course, unless it appered that Duvall was exercising control over the movements of the car, or co-operated with the driver in the manner in which the car was being propelled, he cannot properly be charged with contributory negligence.

The question of the alleged negligence of Freeman the driver, was, under the evidence, clearly for the jury to decide.

A careful reading of the testimony makes it quite evident that the case was a typical one for the decision of a jury. The testimony was conflicting, and we cannot say that the jury, in arriving at the result in either case, under the evidence, was actuated by mistake, prejudice, passion or partiality, in its determination of the factual issues presented to it for consideration.

The rule to show cause in each case is discharged, with costs.